UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHANNA EMM, | Case No. 3:19-cv-00096-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| LIEUTENANT ABEL ORTIZ , *et al.*, | |
| Respondents. | |

Johanna Emm initiated this habeas corpus action, *pro se*, on February 20, 2019. (ECF No. 1.) Emm alleges that she was convicted in a Nevada justice court on October 10, 2018, of not having a license plate light on her vehicle. (*See* Petition for Writ of Habeas Corpus (ECF No. 1) at 1-2.) On February 26, 2019, the Court screened Emm's Petition, and found that Emm apparently has not exhausted any of her claims in state court. (*See* Order entered February 26, 2019 (ECF No. 3).) The Court granted Emm an opportunity to show cause why this action should not be dismissed on account of her failure to exhaust any of her claims in state court; the Court ordered Emm to respond to the order to show cause by April 12, 2019. (*See id.*) The Court warned Emm that if she failed to respond to the order to show cause within the time allowed, or failed to make the required showing, the Court would dismiss this action, without prejudice to her initiating a new federal habeas corpus after she exhausts her claims in state court. (*See id.*) Emm did not respond to the order to show cause.

A person convicted of a crime in state court and petitioning for habeas corpus relief in federal court must first exhaust available state court remedies before presenting her claims in federal court. *See* 28 U.S.C. § 2254(b), (c). While the district court may deny relief on an unexhausted claim, the court may not grant habeas corpus relief on a claim that has not been exhausted in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The exhaustion requirement ensures, as a matter of federal-state comity, that state courts have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman*, 501 U.S. at 731.

Emm states in her Petition that she did not appeal from her conviction, and that she has not filed a state-court petition for post-conviction relief. (*See* Petition for Writ of Habeas Corpus (ECF No. 1) at 1.) Further on in her Petition, with respect to each of her claims, Emm states that she has not presented the claim in state court on either a direct appeal or a petition for post-conviction relief. (*See id.* at 4, 6, 8.) It therefore appears that Emm has not exhausted any of her claims in state court.

Because all of Emm's claims are unexhausted in state court, and because she did not respond to the February 26, 2019 order to show cause, this action will be dismissed, without prejudice to Emm initiating a new habeas action in this Court after she has exhausted her claims in state court.

It is therefore ordered that this action is dismissed.

It is further ordered that, as reasonable jurists would not find this order to be debatable, Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court enter judgment accordingly.

DATED THIS 17th day of April 2019.

	MIRANDA M. DU
	UNITED STATES DISTRICT JUDGE